FILED
MISSOULA, MT

2006 NOV 15 PM 5 09

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| JENNIFER K. ROBB, ) | CV 06-15-M-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on October 23, 2006. The parties have not timely objected and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427

-1-

(9th Cir. 2000).

This action stems from Defendant State Farm's effort to retroactively rescind an insurance binder issued to Tammi Michaels after Michaels was involved in an automobile accident with Jennifer Robb, the Plaintiff in this case, resulting in damages for which Michaels is liable. Plaintiff Robb won a judgment against Michaels in the amount of $96,591.20 as a result of the accident, and Robb seeks payment from State Farm under Michaels' auto insurance binder. After the accident, State Farm discovered that Michaels made material misrepresentations in her application and sought to retroactively rescind the binder, denying coverage for its insured's accident with Plaintiff Robb. Robb argues that because she is an innocent third party, Montana law does not allow retroactive rescission to defeat her right to recover under Michaels' binder.

In Count I of the Complaint, Plaintiff Robb seeks a declaratory judgment of the existence and validity of the binder and State Farm's obligation to indemnify Michaels for the full amount of the judgment against her. In Count II the Plaintiff alleges that State Farm breached the covenant of good faith and fair dealing, entitling her to tort and punitive damages. The parties filed cross-motions for summary judgment on Count I and State Farm seeks summary judgment on Count II.

With regard to Count I, Judge Lynch concluded that Montana law does not directly address an insurance carrier's rescission rights where an innocent third-party claimant is concerned. He

examined Montana's current insurance statutes as well as case law from other jurisdictions and concluded that Montana law does not permit retroactive rescission where it would defeat a vested claim by an innocent third party. Accordingly, Judge Lynch recommended that the Plaintiff's motion for summary judgment on Count I be granted, but that State Farm should be required to pay Robb's claim only up to the statutory minimum policy amount. Judge Lynch also recommended that the Plaintiff be awarded her attorney's fees incurred in litigating the coverage question in an amount to be determined at a subsequent stage of the proceeding. Judge Lynch recommended that Defendant State Farm's motion for summary judgment be granted on Count II because there is no contractual relationship between the parties.

I can find no clear error with Judge Lynch's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motion for summary judgment on Count I (Doc. No. 19) is GRANTED, State Farm's motion for summary judgment on Count I (Doc. No. 22) is DENIED, and insurance coverage for the Plaintiff's claim exists up to the statutory minimum policy limits;

2) Plaintiff is entitled to her attorney's fees incurred in litigation the question of insurance coverage, in an amount to be determined at a later stage of the proceeding; and

3) Defendant State Farm's motion for summary judgment on Count II (Doc. No. 22) is GRANTED and Count II is DISMISSED as

unsupported by the facts.

DATED this 15 day of November, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court